UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charles Morant,<br><br>      Plaintiff,<br><br>   v.<br><br>Physicians Affiliate Group of New York, P.C.<br><br>      Defendant. | 14 Civ. 0067<br><br>**OPINION** |

  Plaintiff Richard Morant brings this age discrimination action against defendant Physicians Affiliate Group of New York ("PAGNY"), which manages the Pathology Department of Harlem Hospital Center, a New York City Health and Hospitals Corporation facility.  Plaintiff alleges that he was discriminated against based upon his age when defendant terminated his employment on January 8, 2013 and replaced him with a younger employee.  Plaintiff has alleged claims of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–101, *et seq.*

1

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The court grants defendant's motion to dismiss.

## Background

Plaintiff, a 66 year old male, was employed by PAGNY for approximately 45 years until his position was terminated in January 2013. His final title at PAGNY was Associate Director of Harlem Hospital Center's Pathology Department. During the course of his employment, plaintiff performed his duties satisfactorily, and received positive evaluations and feedback.

Plaintiff alleges that in October 2012, PAGNY promoted Maria Rienton, a 44 year old employee, to the position of acting lab manager and quality assurance specialist, resulting in a substantial increase in her responsibilities and compensation. Plaintiff alleges that Ms. Rienton's salary exceeded his salary by approximately $3,000.

On January 14, 2013, PAGNY told plaintiff that his position had been eliminated. Plaintiff was not offered the opportunity to interview for other vacant positions at PAGNY. Plaintiff alleges that his position was not eliminated, but rather, that Ms. Rienton, who is 22 years his junior and according to plaintiff, does not have the required experience, replaced him.

Plaintiff filed the instant complaint alleging age discrimination in violation of federal and state law on January 7, 2014. Defendant moved to dismiss the action on February 28, 2014.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555). In considering a Rule 12(b)(6) motion to dismiss, the court will accept all non-conclusory factual allegations as true and draw all reasonable inferences in favor of the plaintiffs. See Mabry v. Neighborhood Defender Service, 769 F.Supp.2d 381, 390 (S.D.N.Y. 2011)

### *ADEA Claim*

A plaintiff pursuing an employment discrimination claim under the ADEA must first exhaust his administrative remedies by presenting those claims to the Equal Opportunity Commission (EEOC). See Tanvir v. New York City Health & Hospitals Corporation, 480 Fed. Appx. 620, 621 (2d Cir. 2012); Legani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). There is no allegation in plaintiff's complaint, or his subsequent pleadings, that

3

he presented his ADEA discrimination claim to the EEOC. Having failed to allege that he exhausted his federal discrimination claim administratively, plaintiff cannot pursue his ADEA claim before this court. See Pinello v. 93 Worth LLC, No.13 Civ. 1420 (KBF), 2013 WL 1807874, at * (April 30, 2013). Accordingly, the court dismisses plaintiff's ADEA claim.

### *NYSHRL AND NYCHRL Claims*

In addition to his ADEA claim, plaintiff also asserts claims under the NYSHRL and the NYCHRL. This court declines to exercise supplemental jurisdiction over these state law claims.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia Ex. Rel. Franco v. Lee, 316 F. 3d 299, 305 (2d Cir. 2003). In this circuit, "courts regularly decline jurisdiction over NYSHRL and NYCHRL claims once the federal employment claims have been dismissed." Harris v. NYU Langone Medical Center, No. 12 Civ. 0454 (RA), 2014 WL 941821, at *2 (March 11, 2014 S.D.N.Y.). Accordingly, the court finds that none of the factors enumerated in *Valencia* support the exercise of supplemental jurisdiction over plaintiff's remaining NYSHRL and NYCHRL claims. The court dismisses these two claims without prejudice and plaintiff may re-file those claims in state court. See Id.

## Conclusion

The court grants defendant's motion to dismiss as to plaintiff's ADEA claim and the court denies to exercise supplemental jurisdiction as to plaintiff's NYSHRL and NYCHRL claims. This opinion resolves item #6 on the docket.

SO ORDERED.

Dated: New York, New York
August 13, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/14